UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PUNAOFO TSQUITO TILEI,

                       Plaintiff,

v.

CALIFORNIA DEP'T OF
CORRECTION AND
REHABILITATION; DR. DAVID
CLAYTON; DR. PEYMAN SHAKIBA;
DR. SAHA; JASHUA N. DOROS; DOES
1- 10,

                      Defendants.

Case No.: 3:19-cv-1708-WQH-KSC

**ORDER**

HAYES, Judge:

       The matter before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 13).

## PROCEDURAL BACKGROUND

       On September 7, 2019, Plaintiff Punaofo Tsquito Tilei, a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF. No. 1). On September 7, 2019, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. (ECF. No. 2). On September 23, 2019, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 5). On September 24, 2019, Plaintiff filed a second Motion for Leave to Proceed in Forma

Pauperis. (ECF. No. 7). On October 15, 2019, Plaintiff filed an Emergency Request for Preliminary Injunction. (ECF No. 9).

On October 17, 2019, this Court issued an Order granting Plaintiff's Motions to Proceed in Forma Pauperis (ECF Nos. 2, 7) and denying Plaintiff's Motion to Appoint Counsel (ECF No. 5).

On November 7, 2019, Plaintiff filed a Motion for Reconsideration of the Court's October 17, 2019 Order Denying Appointment of Counsel. (ECF No. 13).

## STANDARD OF REVIEW

The court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii,* 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.,* 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925-26 (9th Cir. 1988); *see United States v. Rezzonico,* 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly.' . . . However, if the court has made an apparent error of law and the party moving for reconsideration brings that error to the court's attention within a reasonable period of time, the district court has the power under Rule 60(b)(1) to grant relief from that error.").

## DISCUSSION

Plaintiff contends he requires appointment of counsel because of his ongoing medical issues, the complexity of his legal issues, and "his physical incapacity to adequately advance and prosecute his Complaint on his own." (ECF No. 13 at 3).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A finding of

exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) *(quoting Palmer,* 560 F.3d at 970). "[D]ifficulties which any litigant would have in proceeding pro se . . . do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Plaintiff has failed to demonstrate whether there is a likelihood of success on the merits. *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn,* No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at * 2 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.")

The Court of Appeals has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff has demonstrated in his previous filings the Court that he is capable of conducting legal research, presenting arguments orally in writing, and understanding of the issues in his case. Exceptional circumstances requiring the appointment of counsel are not evident.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 13) is DENIED.

Dated: December 11, 2019

Hon. William Q. Hayes
United States District Court