UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSQUITO TILEI,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTION AND REHABILITATION; DR. DAVID CLAYTON; DR. PEYMAN SHAKIBA;<br>DR. SAHA; JASHUA N. DOROS; DOES<br>1- 10,<br><br>                              Defendants. | Case No.:  3:19-cv-1708-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Emergency Request for Preliminary Injunction filed by Plaintiff.  (ECF No. 9).

## PROCEDURAL BACKGROUND

   On September 7, 2019, Plaintiff Punaofo Tsquito Tilei, a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF. No. 1).  On September

7, 2019, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. (ECF. No. 2). On September 23, 2019, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 5). On September 24, 2019, Plaintiff filed a second Motion for Leave to Proceed in Forma Pauperis. (ECF. No. 7).

On October 15, 2019, Plaintiff filed an Emergency Request for Preliminary Injunction. (ECF No. 9).

On October 17, 2019, this Court issued an Order granting Plaintiff's Motions to Proceed in Forma Pauperis (ECF Nos. 2, 7) and denying Plaintiff's Motion to Appoint Counsel (ECF No. 5). (ECF No. 10).

On November 7, 2019, Plaintiff filed a Motion for Reconsideration of this Court's October 17, 2019 Order Denying Appointment of Counsel. (ECF No. 13). On December 11, 2019, this Court issued an Order denying Plaintiff's Motion for Reconsideration. (ECF No. 18).

On December 26, 2019, Defendants David Clayton, M.D.; Peyman Shakiba, M.D.; and Sajib Saha, M.D. filed an Answer. (ECF No. 19). On January 22, 2020, Defendants Clayton, Shakiba, and Saha filed a Response in Opposition to Plaintiff's Emergency Request for Preliminary Injunction. (ECF No. 22). On February 14, 2020 Plaintiff filed a Reply. (ECF No. 24).

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants failed to provide Plaintiff "adequate medical care … and reasonable accommodations to his serious medical needs and disabilities" from June 2019 to August 5, 2019. (ECF No. 1 at 2). Plaintiff alleges that Defendants Clayton, Shakiba, and Saha are physicians at Richard J. Donovan Correctional Facility ("RJD"). *See id.* at 3. Plaintiff brings claims for (1) violation of the Eighth Amendment (deliberate indifference to serious medical needs) against all Defendants, (2) violation of California Government Code § 845.6 against all Defendants, and (3) intentional infliction of severe emotional distress against all Defendants except Defendant California Department of Corrections and Rehabilitation. *See id.* at 14-19. Plaintiff seeks statutory, compensatory,

and punitive damages; equitable relief to permanently enjoin similar conduct by Defendants in the future; an emergency preliminary injunction; assignment of counsel; and attorney's fees and costs. *See id*. at 19-20.

Plaintiff alleges that Defendant Saha failed to treat Plaintiff for his medical needs at RJD Triage Treatment Area on June 24, 2019. *See id*. at 5-6. The Complaint alleges that Plaintiff "semi fainted, tripped, fell and was seriously injured" on June 26, 2019. *Id*. Plaintiff alleges that Defendant Clayton failed to treat Plaintiff for his medical needs at RJD Triage Treatment Area on June 27, 2019. *See id*. at 8. Plaintiff alleges that Defendant Shakiba failed to treat Plaintiff for his medical needs at RJD on June 28, 2019. *See id*. at 9. Plaintiff alleges that Defendant Clayton refused to see Plaintiff for a scheduled medical appointment on July 22, 2019. *See id*. at 9-10. Plaintiff alleges that he was transported to RJD Triage Treatment Area but was ordered to be returned to his cell without treatment on July 29, 2019 and August 3, 2019. *See id*. at 10-11.

Plaintiff alleges that he met with his regular primary care physician on August 5, 2019. *See id*. at 11. Plaintiff alleges that the physician ordered Plaintiff to be transported to Tri-City Medical Center. *See id*. Plaintiff alleges that physicians at Tri-City Medical Center diagnosed Plaintiff with a "'traumatic injury' to his spine." *Id*. Plaintiff alleges that he experiences "extreme and atrocious pain and distress" as a result of his medical conditions and the injury to his spine. *Id*. at 12.

## LEGAL STANDARD

To prevail on a motion for preliminary injunction, the moving party must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Defense Counsel, Inc.,* 555 U.S. 7, 20 (2009). The Ninth Circuit has also "articulated an alternate formulation of the *Winter* test, under which 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury

and that the injunction is in the public interest." *Farris v. Seabrook,* 677 F.3d 848, 864 (9th Cir. 2012) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011)).

## DISCUSSION

Plaintiff moves for a court order mandating Defendants to provide immediate medical treatment and medication for muscle spasms and pain; reasonable accommodations for medical conditions and impairments; and referral to medical specialists. Defendants Clayton, Shakiba, and Saha contend that the Court should deny Plaintiff's demands for stronger medications because Plaintiff is a known abuser of opiates and has been tested and found to be using illicit opiates while incarcerated.

In order to prevail on this Emergency Request for Preliminary Injunction, Plaintiff must demonstrate that he is likely to succeed on the merits of his Eighth Amendment claim. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This "involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin,* 974 F.2d at 1059 (quoting *Estelle,* 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *See Hutchinson v.*

4

*United States,* 838 F.2d 390, 393-94 (9th Cir. 1988). In order to support a claim that an inmate's civil rights have been abridged in terms of medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle,* 429 U.S. at 105-06).

Plaintiff's claim that he is "likely to suffer 'more' irreparable harm or even death" is unsupported by the medical records and declarations. (ECF No. 9 at 6). The August 5, 2019 medical report states that "[a]t this time, it is determined that [Plaintiff] can be discharged" and that "[d]espite extensive testing we cannot find a life[-]threatening illness and consequently feel [Plaintiff is] safe to go home and rest." (Ex. A to Pl.'s Emergency Request for Preliminary Injunction, ECF No. 9 at 13). The August 5, 2019 medical report states that Plaintiff has received Zofren for nausea, Valium for muscle relaxation, morphine, and Motrin. *Id*. at 12-13. Exhibits B and C to Plaintiff's Emergency Request for Preliminary Injunction are medical records prior to June 2019. (Ex. B, C to Pl.'s Emergency Request for Preliminary Injunction, ECF No. 9 at 29-34). Exhibits D through H to Plaintiff's Emergency Request for Preliminary Injunction are declarations from inmates at RJD. (Ex. D-H to Pl.'s Emergency Request for Preliminary Injunction, ECF No. 9 at 36-50). Plaintiff has set forth insufficient facts to support the requested preliminary injunction against Defendants. Plaintiff's requests for injunctive relief granting him medical treatment against Defendants is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Emergency Request for Preliminary Injunction (ECF No. 9) is DENIED.

Dated: February 19, 2020

Hon. William Q. Hayes
United States District Court

3:19-cv-1708-WQH-KSC