1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   PUNAOFO TSQUITO TILEI,                    Case No.:  3:19-cv-01708-WQH-KSC

12                            Plaintiff,
                                               **ORDER**
13   v.

14   CALIFORNIA DEP'T OF
     CORRECTION AND
15   REHABILITATION; DR. DAVID
     CLAYTON; DR. PEYMAN
16   SHAKIBA; DR. SAHA; JASHUA
     N. DOROS; and DOES 1-10,
17
                            Defendants.
18

19
     HAYES, Judge:
20
21        The matter before the Court is the Motion Stand on His Pleadings and the Request

22   for a Final Judgment of Dismiss to Allow for Appeal filed by Plaintiff Punaofo Tsquito

23   Tilei.  (ECF No. 29).

24                       **PROCEDURAL BACKGROUND**

25        On September 7, 2019, Plaintiff Punaofo Tsquito Tilei, a state prisoner proceeding

26   *pro se*, initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983.

27   (ECF No. 1).  On the same day, Plaintiff filed a Motion for Leave to Proceed in Forma

28   Pauperis.  (ECF No. 2).  On September 23, 2019, Plaintiff filed a Motion to Appoint

1

1   Counsel.  (ECF No. 5).  On September 24, 2019, Plaintiff filed a second Motion for Leave

2   to Proceed in Forma Pauperis.  (ECF No. 7).  On October 15, 2019, Plaintiff filed an

3   Emergency Request for Preliminary Injunction.  (ECF No. 9).

4        On October 17, 2019, the Court issued an Order granting Plaintiff's Motions to

5   Proceed in Forma Pauperis (ECF Nos. 2, 7) and denying Plaintiff's Motion to Appoint

6   Counsel (ECF No. 5).  (ECF No. 10).

7        On November 7, 2019, Plaintiff filed a Motion for Reconsideration of this Court's

8   October 17, 2019 Order denying appointment of counsel.  (ECF No. 13).  On December

9   11, 2019, this Court issued an Order denying Plaintiff's Motion for Reconsideration (ECF

10  No. 13).  (ECF No. 18).

11       On February 19, 2020, the Court issued an Order denying Plaintiff's Emergency

12  Request for Preliminary Injunction (ECF No. 9).  (ECF No. 25).

13       On March 12, 2020, Plaintiff filed a Motion Stand on His Pleadings and a Request

14  for a Final Judgment of Dismiss to Allow for Appeal.  (ECF No. 29).  On March 27, 2020,

15  Defendants filed a Response in opposition.  (ECF No. 31).  On April 13, 2020, Plaintiff

16  filed a Reply.  (ECF No. 32).

17                    **CONTENTIONS OF THE PARTIES**

18       Plaintiff gives notice that he stands on his pleadings regarding his request for counsel

19  and his request for an emergency preliminary injunction.  Plaintiff requests a final

20  judgment of dismissal in order to pursue an appeal.  Defendants contend that the dismissal

21  of Plaintiff's claims would constitute an impermissible manipulation of appellate

22  jurisdiction. Defendants assert that Plaintiff is free to voluntarily dismiss this action at any

23  time.  Defendants contend that the Court's October 17, 2019 Order denying Plaintiff's

24  Motion to Appoint Counsel (ECF No. 10); December 11, 2019 Order denying Plaintiff's

25  Motion for Reconsideration (ECF No. 18); and February 19, 2020 Order denying Plaintiff's

26  Emergency Request for Preliminary Injunction (ECF No. 25) are immediately reviewable

27  pursuant to interlocutory appeal.

28

**DISCUSSION**

"A party may not engage in manipulation either to create appellate jurisdiction or prevent it." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir. 2003) (citations omitted). "Manipulation of jurisdiction has arisen in several different contexts." *Id.* For example, parties may "attempt[ ] to create appellate jurisdiction over interlocutory orders by provoking the district court to dismiss their actions for failure to prosecute." *Id.* (citation omitted). "Manipulation is also apparent when the parties agree to waive the statute of limitations for dismissed claims." *Id.* (citation omitted). "Agreements to dismiss claims without prejudice also suggest manipulation." *Id.*

In *American States Ins. Co.*, "both parties … attempted to create appellate jurisdiction through manipulation." *Id.* "[T]he record show[ed] that the parties discussed their attempts to create appellate jurisdiction." *Id.* "A joint status report stated that they 'agreed to allow judgment to be entered based on the summary judgment rulings by the Court so the duty to defend issue [could] be appealed.'" *Id.* at 885-86 (alteration in original). The Court of Appeals concluded that

> Overall, the parties appear to have colluded to manufacture appellate jurisdiction by dismissing their indemnity claims after the district court's grant of partial summary judgment. Moreover, the parties appear ready to pursue those claims [re]gardless of the outcome of this appeal, undermining the policies upholding the final judgment rule.

*Id.* at 891.

Plaintiff states that he "stand[s] on [his] pleadings" and "request[s] that the Court issue a final judgment of dismissal to allow [him] to pursue an appeal to the United States Ninth Circuit Court …." (ECF No. 29 at 7). The Court concludes that Plaintiff has "attempted to create appellate jurisdiction through manipulation." *Am. States Ins. Co.*, 318 F.3d at 885. Plaintiff may procced by "(1) dismissing with prejudice the claims on which [this Court has] not ruled, or (2) obtaining a Rule 54(b) judgment from [this Court]." *Id.* at 892.

1   "As a general rule, appellate jurisdiction is limited to 'final decisions of the district
2   courts of the United States.'" *Nat. Res. Def. Council v. Cty. of Los Angeles*, 840 F.3d 1098,
3   1101 (9th Cir. 2016) (citation omitted).  "To be immediately appealable, an interlocutory
4   order denying counsel to a section 1983 plaintiff under section 1915[] must fit within the
5   'collateral order' exception to the final judgment rule of 28 U.S.C. § 1291." *Wilborn v.*
6   *Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986) (citation omitted).  The Court of Appeals
7   has held that such orders are "not immediately appealable" "[b]ecause the denial of counsel
8   in a civil rights action brought under 42 U.S.C. § 1983 does not resolve an important issue
9   completely separate from the merits …." *Id*. (citations omitted).  On October 17, 2019, the
10  Court issued an Order denying Plaintiff's Motion to Appoint Counsel.  (ECF No. 10).
11  Plaintiff is not permitted to appeal the Court's denial of his Motion to Appoint Counsel
12  until a final judgment is entered.  *See e.g. Arellano v. Blahnik*, No. 16-cv-02412-CAB
13  (RNB), 2018 WL 4599697, at *3 (S.D. Cal. Sept. 25, 2018) ("To the extent plaintiff's is
14  requesting permission to appeal to the Ninth Circuit the Court's denial of his motion for
15  appointment of counsel, his request is denied.  In *Wilborn*, 789 F.2d at 1330, the Ninth
16  Circuit held that the denial of a § 1983 plaintiff's request for counsel was not immediately
17  appealable as a 'collateral order' exception to the final judgment rule of 28 U.S.C. §
18  1291.").

19      28 U.S.C. § 1292(a)(1) states that

20      (a) … the courts of appeals shall have jurisdiction of appeals from:

21
22      (1) Interlocutory orders of the district courts of the United States … granting,
        continuing, modifying, refusing or dissolving injunctions, or refusing to
23      dissolve or modify injunctions, except where a direct review may be had in
        the Supreme Court;
24

25  28 U.S.C. § 1292(a)(1).  The Court of Appeals has "held that when a district court
26  'specifically denie[s] [a] request for an injunction,' the 'appeal … falls squarely within the
27  language of section 1292(a)(1).'" *Nat. Res. Def. Council*, 840 F.3d at 1101 (alterations in
28  original) (citation omitted).  On February 19, 2020, the Court issued an Order denying

4

1  Plaintiff's Emergency Request for Preliminary Injunction.  (ECF No. 25).  Plaintiff may
2  file an interlocutory appeal of this Court's February 19, 2020 Order as one that "falls
3  squarely within the language of section 1292(a)(1)."  *Nat. Res. Def. Council*, 840 F.3d at
4  1101 (internal quotation marks and citation omitted).

## CONCLUSION

6      IT IS HEREBY ORDERED that Plaintiff's Motion Stand on His Pleadings and
7  Plaintiff's Request for a Final Judgment of Dismiss to Allow for Appeal (ECF No. 29) is
8  DENIED.

9   Dated:  May 4, 2020

10  Hon. William Q. Hayes
11  United States District Court

3:19-cv-01708-WQH-KSC