UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSQUITO TILEI, CDCR #H-96960,<br><br>                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEP'T OF CORRECTION AND REHABILITATION; DR. DAVID CLAYTON; DR. PEYMAN SHAKIBA; DR. SAHA; JASHUA N. DOROS; DOES 1-10,<br><br>                    Defendant. | Case No.: 3:19-cv-01708-WQH-KSC<br><br>**ORDER DENYING MOTION FOR NEW DETERMINATION APPOINTING COUNSEL; ORDER ON REQUEST FOR JUDICIAL NOTICE [Doc. Nos. 50, 54]** |

Plaintiff Punaofo Tsquito Tilei ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. No. 1. Before the Court are plaintiff's Motion for a New Determination Appointing Counsel Due to "Exceptional Circumstances" (the "Motion") and a Request for Judicial Notice of Court Records in Support of Plaintiff's Motion for a New Determination Appointing Counsel (the "RJN"). Doc. Nos. 50, 54. For the reasons that follow, plaintiff's Motion is DENIED WITHOUT PREJUDICE.

# I. BACKGROUND

On September 7, 2019, plaintiff filed this action, asserting claims for violation of his Eighth Amendment rights (specifically, deliberate indifference to plaintiff's serious medical needs), violation of California Government Code §845.6, and intentional infliction of severe emotional distress. Doc. No. 1 at 15-18. Also on September 7, 2019, plaintiff requested leave to proceed *in forma pauperis.* Doc. No. 2. On September 24, 2019, plaintiff filed a second motion for leave to proceed *in forma pauperis*. Doc. No. 7.

On September 23, 2019, plaintiff filed a motion for appointment of counsel. Doc. No. 5. Plaintiff reported that he suffered from a "multiplicity of serious health problems" that caused him chronic pain and often left him bedridden. *Id.* at 3-4. Plaintiff stated that as a result, he was unable to "draft a lengthy document" or to pursue discovery in the case, including "the use of one or more expert witnesses." *Id.* at 4. Plaintiff also asserted that his case is complex, and that he would be better able to present it with the assistance of counsel. *Id.* Plaintiff's motion was accompanied by a request that the District Court take judicial notice of orders from three other federal court cases in 2011 and 2016 in which plaintiff was appointed counsel. *See id.* at 29-39.

On October 17, 2019, the District Court issued an order granting plaintiff's motions to proceed *in forma pauperis* but denying his motion for the appointment of counsel. Doc. No. 10. In doing so, the District Court explicitly found that there were "no 'exceptional circumstances'" warranting the appointment of counsel at that time. Doc. No. 10 at 6. The District Court denied the motion without prejudice, leaving open the possibility that plaintiff might be appointed counsel if his circumstances changed. *Id.*

On November 7, 2019, plaintiff moved for reconsideration of the District Court's order declining to appoint counsel to assist him. Doc. No. 13. Plaintiff again cited his "numerous serious medical conditions" which left him "incapacitated" and unable to "adequately advance and prosecute his complaint on his own." *Id.* at 1, 3. Plaintiff also stated that the District Court had not addressed the complexity of the legal and medical issues presented by his case. *Id.* Plaintiff cited *Tilei v. McGuinness*, 642 F. App'x 719,

722 (9th Cir. 2016), in which the Ninth Circuit found plaintiff's "physical and mental capacity to be a relevant consideration" in the decision whether to appoint counsel. *Id.* at 8. Plaintiff reiterated his "request for an attorney to assist him in advancing and prosecuting his civil complaint." *Id.*

On December 11, 2019, the District Court denied plaintiff's motion for reconsideration. Doc. No. 18. The District Court found that plaintiff's "previous filings with the Court" demonstrated that, notwithstanding plaintiff's arguments to the contrary, "he is capable of conducting legal research, presenting arguments … and understanding the case." *Id.* at 3.

On March 20, 2020, plaintiff filed a "Motion to Stand on His Pleadings," wherein he requested that the District Court enter final judgment so that he could pursue an appeal. Doc. No. 29. In that motion, plaintiff asserted, *inter alia*, that the District Court "erred in its rulings denying [his] motion for appointment of counsel [and] denying [his] motion for reconsideration." *Id.* at 6. Specifically, plaintiff complained that the District Court did not consider his "substantial medical issues, including physical incapacity to adequately advance and prosecute" this matter. *Id.* at 4-5. Plaintiff again asserted that the District Court's refusal to appoint counsel to assist him was contrary to the Ninth Circuit's holding in *Tilei v. McGuinness*, 642 F. App'x at 722. *Id.* at 5.

On May 4, 2020, the District Court denied plaintiff's "Motion to Stand on His Pleadings," finding that "plaintiff is not permitted to appeal the Court's denial of his Motion to Appoint Counsel until a final judgment is entered." Doc. No. 36 at 5. The District Court further found plaintiff's motion to be an "attempt[] to create appellate jurisdiction through manipulation." *Id.* at 3.

On July 29, 2020, plaintiff filed the Motion and the RJN presently before the Court.

//
//
//

## II. DISCUSSION

### A. Request for Judicial Notice

Plaintiff requests that the Court take judicial notice of the same federal court orders submitted with his first motion to appoint counsel. *Compare* RJN at 10-13, 22-23 and 28-30 *with* Doc. No. 5 at 31-39. Plaintiff also requests the Court take judicial notice of three unpublished memorandum opinions from the Ninth Circuit, including an opinion from *Tilei v. McGuinness*. *See* RJN at 14-21; 24-26.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts that "[are] generally known within [its] territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2). This includes "'matters of public record[,]' including relevant opinions of other courts." *Soares v. Flowers Foods, Inc.*, 320 F.R.D. 464, 469 n.2 (N.D. Cal. 2017) (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (alteration in original). However, the Court takes notice only "of the existence of the opinion, which is not subject to reasonable dispute." *S.B. by and through Kristina B. v. Cal. Dep't of Educ.*, 327 F.Supp.3d 1218, 1228 n.1 (E.D. Cal. 2018). The Court "may not," and does not, "take judicial notice of findings of fact from another case." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (citations omitted).

### B. Appointment of Counsel

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). District Courts have discretion, however, pursuant to 28 U.S.C § 1915(c)(1) to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at

//

1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither … is dispositive and both must be viewed together before making a decision." *Id.*

### 1. Likelihood of Success

As to the first consideration, plaintiff states that he "may succeed on the merits" of his claims. Mot. at 4. In denying plaintiff's motion for reconsideration, the District Court previously found that "[p]laintiff has failed to demonstrate whether there is a likelihood of success on the merits." Doc. No. 18 at 3. The District Court subsequently denied plaintiff's motion for a preliminary injunction and noted that "to prevail … [p]laintiff must demonstrate that he is likely to succeed on the merits of his Eighth Amendment claim." Doc. No. 25 at 4. Significantly, the District Court cited plaintiff's medical records as undermining many of his allegations. *Id.* at 5. Plaintiff has not provided the Court with new facts or legal authority warranting a departure from the District Court's findings.

### 2. Plaintiff's Ability to Pursue His Claims

As to the second consideration, plaintiff states that he suffers from multiple medical issues, including but not limited to rheumatoid arthritis, chronic migraines, exhaustion, fatigue, traumatic spinal injury, chronic pain, and suicidal ideation. Mot. at 5-6. According to plaintiff, due to his "numerous medical conditions and medical incapacity," he is "unable to draft motions and conduct legal research." Mot. at 3-4. These same facts were previously before the District Court on plaintiff's first motion to have counsel appointed, on his motion for reconsideration of the District Court's denial of that motion, and on his motion to "stand" on his pleadings. *See* Doc. No. 5 at 2-3; Doc. No. 13 at 2-3; Doc. No. 29 at 4-5. The District Court has already found plaintiff's multiple medical complaints do not create exceptional circumstances, and this Court finds that plaintiff's repetition of these facts does not justify a different outcome on this renewed motion.

Plaintiff also reports that he has been seen by a neurosurgeon who has recommended he undergo spinal surgery. Mot. at 9-10. Plaintiff states once the surgery

is done he will be "hospitalized and immobilized for an indefinite amount of time." *Id.* at 13. However, plaintiff has not stated when his surgery will take place, only that it could be "at any moment," *id.*, and he is not currently hospitalized. The Court finds that neither plaintiff's continued complaints of "numerous medical conditions and medical incapacity" (Mot. at 3) nor his unscheduled spinal surgery constitute an exceptional circumstance.

Plaintiff also asserts that his case is "legally complex." Mot. at 3. The District Court has already found otherwise, describing plaintiff's claims as "a typical conditions of confinement claim and 'relatively straightforward.'" *See* Doc. No. 10 at 4-5 (*quoting Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015)). Plaintiff also states that he lacks legal training such that the assistance of counsel would better enable him to investigate his claims and examine witnesses. Mot. at 7-8. Plaintiff made the same argument to the District Court in each of his previous requests to have counsel appointed and does not raise any new facts relevant to this issue in his Motion. As the District Court has already found, the hardships identified by plaintiff are shared by all incarcerated litigants lacking legal expertise. Doc. No. 18 at 3. These "difficulties" faced by all pro se litigants do not, therefore, "indicate exceptional factors." *See Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Furthermore, in addition to multiple requests to have counsel appointed (*see* Doc. Nos. 5, 13, 29, 32), plaintiff has filed a Motion for Preliminary Injunction, a reply in support of that motion, a Notice of Appeal, and a Motion to Strike Declaration of Defendant, in addition to the instant Motion and RJN. *See* Doc. Nos. 9, 24, 38, 52. Each of these filings was supported by citations to relevant legal authority, lengthy recitations of fact, and numerous declarations and other exhibits. Thus, despite his medical condition and his lack of legal training, plaintiff continues to demonstrate his ability to effectively articulate his claims and communicate with the Court in this action. *See* Doc. No. 18 at 3 (observing that plaintiff's filings in this case "demonstrate his is capable of conducting legal research [and] presenting arguments"). It should also be noted that the Court has

1 previously granted plaintiff additional time to meet deadlines and will continue to do so
2 for good cause shown.  Doc. Nos. 26, 34.

3       The various district court orders submitted by plaintiff do not change the Court's
4 conclusion.  As noted above, these orders were all before the District Court on plaintiff's
5 first request for the appointment of counsel and do not represent a new legal or factual
6 basis for the appointment of counsel.  Moreover, they are not binding on the Court,
7 whose decision whether to appoint counsel is left to its "sound discretion."  *Agyeman v.*
8 *Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Two of the unpublished
9 Ninth Circuit opinions submitted by plaintiff simply stand for the proposition that the
10 Court should consider plaintiff's medical condition in determining whether to appoint
11 counsel.  *See* Doc. No. 54 at 15-16 (memorandum opinion in *Tilei v. Hasadri*, dated
12 February 14, 2013) (remanding to district court for consideration of plaintiff's motion to
13 appoint counsel "in light of his medical condition"); *id.* at 25-26 (memorandum opinion
14 in *Tilei v. Cal. Dep't of Corr. and Rehab.*, dated March 14, 2016) (noting that plaintiff's
15 "medical condition is a relevant characteristic that the district court should consider" but
16 declining to "pre-judge the outcome of that inquiry").  As is demonstrated by the District
17 Court's prior orders and the foregoing discussion, the Court has considered whether
18 plaintiff's medical condition is an "exceptional circumstance" and in the exercise of its
19 discretion has determined it is not.

20       Finally, plaintiff submits the Ninth Circuit's March 14, 2016 memorandum opinion
21 in *Tilei v. McGuinness*, in which the court found that the decision not to appoint counsel
22 for plaintiff was error.  *See* Doc. No. 54 at 21; *see also* 642 F. App'x 719 (2016).  As
23 noted, plaintiff has already cited this decision to the Court.  Doc. No. 13 at 8; Doc. No. 29
24 at 5.  Furthermore, the Court notes that the Ninth Circuit found that plaintiff "introduced
25 evidence that, due to his medical incapacity, he was unable to draft motions and conduct
26 legal research."  642 F. App'x at 722.  As set forth above, however, plaintiff's
27 considerable filings in this action demonstrate the opposite.
28 //

1  Accordingly, plaintiff's Motion is DENIED WITHOUT PREJUDICE.

## **ORDER**

For the reasons set forth above, plaintiff's Motion for New Determination of Appointment of Counsel (Doc. No. 50) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated:  August 6, 2020

Hon. Karen S. Crawford
United States Magistrate Judge