1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  PUNAOFO TSQUITO TILEI,                    Case No.:  3:19-cv-01708-TWR-KSC
    CDCR #H-96960,
12                                            **ORDER OVERRULING**
                             Plaintiff,       **PLAINTIFF'S OBJECTIONS TO**
13                                            **THE COURT'S AUGUST 6, 2020**
    v.                                        **RULING AND DENYING REQUEST**
14                                            **FOR RECONSIDERATION [Doc. No.**
    CALIFORNIA DEP'T OF                        **59]**
15  CORRECTION AND
    REHABILITATION; DR. DAVID
16  CLAYTON; DR. PEYMAN SHAKIBA;
    DR. SAHA; JASHUA N. DOROS; and
17  DOES 1-10,

18                           Defendants.
19

20

21          Plaintiff Punaofo Tsquito Tilei ("plaintiff") is proceeding *pro se* and *in forma*

22  *pauperis* in this civil rights action pursuant to Title 42, United States Code, Section 1983,

23  alleging defendants violated his rights under the United States Constitution.  *See* Doc.

24  No. 1.  Before the Court is a document titled "Plaintiffs Objections to the Court's August

25  6, 2020 Ruling; and, Request for Reconsideration of Said Ruling" (the "Motion" or

26  "Mot.").  Doc. No. 59.  The Court will construe plaintiff's filing as a motion for

27  reconsideration, rather than an objection pursuant to Federal Rule of Civil Procedure 72.

28  For the following reasons, plaintiff's Motion is DENIED WITHOUT PREJUDICE.

                                            1

# I.  BACKGROUND

A. Plaintiff's First Request for Appointment of Counsel

On September 7, 2019, plaintiff filed this action, asserting claims for violation of his Eighth Amendment rights, violation of California Government Code §845.6, and intentional infliction of severe emotional distress.  Doc. No. 1 at 15-18.  On September 23, 2019, plaintiff moved for the appointment of counsel.  Doc. No. 5.  Plaintiff reported that he suffered from a "multiplicity of serious health problems" that caused him chronic pain and often left him bedridden.  *Id.* at 3-4.  As a result, plaintiff claimed he was unable to draft documents or pursue discovery.  *Id.* at 4.  Plaintiff also asserted he would be better able to present his purportedly complex case with the assistance of counsel.  *Id.* Plaintiff's motion was accompanied by a request that the District Court take judicial notice of orders from three other federal court cases in 2011 and 2016 in which plaintiff was appointed counsel.  *See id.* at 29-39.  On October 17, 2019, the District Court granted plaintiff's motions to proceed *in forma pauperis* but denied his motion to have counsel appointed.  Doc. No. 10.  In doing so, the District Court explicitly found that there were "no 'exceptional circumstances'" warranting the appointment of counsel at that time.  Doc. No. 10 at 6.  The District Court denied the motion without prejudice, leaving open the possibility that plaintiff might be appointed counsel if his circumstances changed.  *Id.*

B. Plaintiff's Second Request for Appointment of Counsel

On November 7, 2019, plaintiff moved for reconsideration of the District Court's denial of his motion for the appointment of counsel.  Doc. No. 13.  Plaintiff again cited his medical condition which allegedly left him "incapacitated" and unable to "adequately advance and prosecute his complaint on his own."  *Id.* at 1, 3.  Plaintiff also stated that the District Court had not addressed the complexity of the legal and medical issues presented by his case. *Id.*  Plaintiff cited *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016), in which the Ninth Circuit found plaintiff's "physical and mental capacity to be a relevant consideration" in the decision whether to appoint counsel.  *Id.* at 8.  Plaintiff reiterated his "request for an attorney to assist him in advancing and prosecuting his civil

complaint." *Id.* On December 11, 2019, the District Court denied plaintiff's motion for reconsideration. Doc. No. 18. The District Court found that plaintiff's "previous filings with the Court" demonstrated that, notwithstanding plaintiff's arguments to the contrary, "he is capable of conducting legal research, presenting arguments … and understanding the case." *Id.* at 3.

### C. Plaintiff's Unsuccessful Attempt to Appeal the Denial of Counsel

On March 20, 2020, plaintiff filed a "Motion to Stand on His Pleadings" (the "Pleadings Motion"), wherein he requested that the District Court enter final judgment so that he could pursue an appeal. Doc. No. 29. In the Pleadings Motion, plaintiff asserted, *inter alia*, that the District Court "erred in its rulings denying [his] motion for appointment of counsel [and] denying [his] motion for reconsideration." *Id.* at 6. Specifically, plaintiff complained that the District Court did not consider his "substantial medical issues, including physical incapacity to adequately advance and prosecute" this matter. *Id.* at 4-5. Plaintiff again asserted that the District Court's refusal to appoint counsel to assist him was contrary to the Ninth Circuit's holding in *Tilei v. McGuinness*, 642 F. App'x at 722. *Id.* at 5. On May 4, 2020, the District Court denied plaintiff's "Motion to Stand on His Pleadings," finding that "plaintiff is not permitted to appeal the Court's denial of his Motion to Appoint Counsel until a final judgment is entered." Doc. No. 36 at 5. The District Court further found plaintiff's motion to be an "attempt[] to create appellate jurisdiction through manipulation." *Id.* at 3.

### D. Plaintiff's Third Request for Appointment of Counsel

On July 29, 2020, plaintiff again requested that counsel be appointed to assist him by way of a Motion for New Determination Appointing Counsel Due to "Exceptional Circumstances." Doc. No. 50. That motion was accompanied by a Request for Judicial Notice, requesting the Court take notice of the same federal court orders submitted with his first motion to appoint counsel as well as three unpublished memorandum opinions from the Ninth Circuit, including an opinion from *Tilei v. McGuinness*. Doc. No. 54. On August 6, 2020, this Court denied plaintiff's motion without prejudice. Doc. No. 56 at 1,

8. The Court noted that it had considered the prior federal court orders and the memorandum opinions, most of which were previously before the Court. *Id*. at 7. However, the Court was not persuaded by those orders and opinions that there was any reason to depart from the Court's previous findings that "exceptional circumstances" did not exist such as to warrant the appointment of counsel, and plaintiff had not raised any new facts to the contrary. *Id*. at 5-7. In particular, the Court observed that despite plaintiff's claims of incapacity and inability to prosecute his claims, his multiple and detailed filings in the case to date showed he was able to "effectively articulate his claims and communicate with the Court in this action." *Id*. at 6-7. Plaintiff now moves the Court to reconsider this decision.[1]

## II. DISCUSSION

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals*, *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted) (alteration in original); *see also* CivLR 7.1(i)(1) (stating that the party seeking relief must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). A motion for reconsideration "is not a vehicle to reargue the motion," *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001), and "[m]ere disagreement with a previous order is an insufficient basis for reconsideration …." *Coleman v. Evergreen Pub. Sch.*, No. C18-556-RBL, 2018 WL

---

[1] In addition to the instant Motion, since plaintiff's last request that counsel be appointed, he has directed various *ex parte* communications to the Court, which have not been accepted for filing. *See* Doc. No. 57.

5886452, at *1 (W.D. Wash. Nov. 9, 2018).  Therefore, "recapitulation" of the law and arguments already considered by the Court" fails to satisfy the moving party's burden to show that reconsideration is warranted.  *Westlands Water Dist.*, 134 F. Supp. 2d at 1131.

Plaintiff makes six main arguments in support of his Motion.  *First*, plaintiff expresses his continued belief that the Court has ignored his September 16, 2019 Request for Judicial Notice and has unfairly accused him of "fabricating information."  Mot. at 2. *Second*, plaintiff argues that his claim is "legally complex" and will require expert testimony to prove.[2]  Mot. at 4.  *Third*, plaintiff reminds the Court that he has produced "numerous witness declarations that attest, substantiate and bolster" his claim and protests that the Court has been "silent" as to these declarations.  *Id.* at 4-5.  *Fourth*, plaintiff states he has "introduced evidence" of alleged improper conduct by defendants' counsel.  *Id.* at 5.  He argues that it is "unfair" that he is "pitted against" these attorneys and that he requires counsel because the Attorney General's case is "tainted and questionable."  *Id.* at 6.  *Fifth*, plaintiff takes issue with the District Court's earlier finding that plaintiff's medical records undermine his allegations.  *See* Doc. No. 56 at 5 (citing Doc. No. 25 at 5).  According to plaintiff, those records are self-serving and prepared by the defendants in the case, such that "justice would be denied" if the Court were to rely on them.  *Id.* at 6.  *Finally*, plaintiff again asserts that he will soon undergo spinal surgery, but that the date of that surgery is unknown to him for "security reasons."  *Id.* As before, plaintiff does not state that he is currently convalescing from said surgery.  *Id.* Plaintiff further disputes the Court's previous finding that neither his medical conditions nor his lack of legal training constitutes exceptional circumstances.  *Id.* at 7. Plaintiff states that his situation is unique (and, presumably, exceptional) because his multiple medical conditions cause him severe physical and psychological pain.  *Id.*

---

[2] Plaintiff also complains, again, that he is unable to access the law library and other legal resources. Mot. at 4.  The Court reminds plaintiff that it has previously granted, and will continue to consider, all reasonable requests for additional time that plaintiff may require to research and prepare documents in support of his case.  *See* Doc. Nos. 26, 34.

Plaintiff's second, third, fifth and sixth arguments have already been considered, and rejected, by the Court. Plaintiff's Motion merely seeks reconsideration of those arguments in the hopes of a different outcome, and is without merit. "While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." *Wallace v. Olson*, No. 3:16-CV-1917-AJB-NLS, 2017 WL 1346825, at *2 (S.D. Cal. Apr. 12, 2017), *aff'd*, 715 F. App'x 797 (9th Cir. 2018) (citation omitted). Consequently, the Court will not address grounds to appoint counsel that it already addressed in its previous Orders denying appointment of counsel. *See* Doc. Nos. 10, 18, 36, 56.

Plaintiff's fourth argument is essentially that defendants' counsel should be sanctioned for unethical conduct. Mot. at 6. The Court finds that plaintiff's accusations are entirely speculative, and will not credit them. Regardless, the salient issue is whether plaintiff is capable of litigating his claims on his own behalf; his opponent's behavior is not at issue. As the Court has observed, plaintiff has shown himself able articulate to the Court the facts, circumstances and law applicable to his claims. The Court therefore declines to revisit its previous finding that plaintiff has not established "exceptional circumstances" requiring that counsel be appointed to represent plaintiff.

Finally, the Court turns to plaintiff's argument that the Court has "ignored" his September 16, 2019 Request for Judicial Notice (the "RJN"), which was attached to his first motion for the appointment of counsel.[3] Mot. at 2. As noted, the RJN was attached to plaintiff's first motion for the appointment of counsel, which was denied. *See* Doc. No. 5 at 26-29; Doc. No. 10. Thereafter, plaintiff referred to the RJN in his November 2019 Motion for Reconsideration (*see* Doc. No. 13 at 2) and his Pleadings Motion (*see*

---

[3] Because plaintiff's repeated contacts with the Court indicated he was unaware whether his RJN was ever received or docketed, the undersigned recently directed the Clerk's office to send plaintiff an ECF-stamped copy of the RJN, showing that the RJN was docketed on September 23, 2019, and comprises pages 26 through 39 of docket entry number 5.

Doc. No. 29 at 4).  Plaintiff filed a virtually identical RJN in support of his July 2020 motion for the appointment of counsel.  Doc. No. 54.  All of these motions were denied.  *See* Doc. Nos. 10, 18, 36, and 56.  Plaintiff may disagree with those decisions, but it can hardly be said that his RJN has been "ignored."  *See Wallace*, 2017 WL 1346825, at *3 (denying motion to reconsider where plaintiff merely "re-directed the Court" to previously filed documents "in hopes that the Court might change its mind").

The remainder of plaintiff's argument results from a misapprehension of the District Court's denial of his Pleadings Motion.  *See* Doc. No. 36.  Contrary to plaintiff's summary of that order, the District Court did not accuse plaintiff of "manipulating the Court" or "fabricating information" for seeking a ruling on the RJN, nor did the District Court state (or even imply) that plaintiff never filed the RJN.  Mot. at 2-3.  Instead, the District Court observed that plaintiff could not appeal the order denying plaintiff's motion to appoint counsel, Doc. No. 5, until final judgment had been entered.  Doc. No. 36 at 3-4.  Thus, the "manipulation" with which the District Court was concerned was plaintiff's improper effort to "manufacture" appellate jurisdiction by requesting the Court to enter a final judgment.  *See id.*  Plaintiff may disagree with the District Court's decision, but that disagreement does not create a basis upon which to appoint counsel.

Moreover, even if the Court were to re-visit its prior rulings, it would nevertheless decline to change them.  As the Court has explained, "there is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  Pursuant to 28 U.S.C § 1915(e)(1), the Court may in its discretion appoint counsel for indigent civil litigants.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  However, the Court will only appoint counsel upon a finding of "'exceptional circumstances.'"  *Terrell*, 935 F.2d at 1017.  The Court must consider both plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved *and* the likelihood he will succeed on the merits.  *Id.*  Neither factor is enough, standing alone, to support a finding of exceptional circumstances, but rather they "must be viewed together before reaching a decision." *Id.*

For the reasons previously articulated by this Court and the District Court, plaintiff does not meet the standard for the appointment of counsel.  Plaintiff offers no new facts or evidence, nor can he point to any change in the controlling law, that would warrant reversal of the Court's determination that "exceptional circumstances" do not exist which necessitate the appointment of counsel in this case.  Plaintiff has failed to demonstrate, in this Motion or in any prior one, that he is likely to succeed on the merits of his claim, which the District Court has noted is a "relatively straightforward" one.  *See* Doc. No. 10 at 4-5 (*quoting Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also* Doc. Nos. 18, 25, 56.  And, as before, the Court notes that plaintiff's prolific activity on the docket (both before and after the filing of the instant Motion) demonstrate that despite his *pro se* status and the constellation of medical conditions and symptoms from which he allegedly suffers, plaintiff is capable of effectively articulating his claims and communicating with the Court in this action.  In short, plaintiff has failed to demonstrate exceptional circumstances and the Court's prior rulings will stand.  *See Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989) (affirming denial of motion to appoint counsel where plaintiff had not shown exceptional circumstances).

## **ORDER**

For the reasons set forth above, the Court OVERRULES plaintiff's objections to its August 6, 2020 Order and DENIES WITHOUT PREJUDICE plaintiff's Motion for Reconsideration [Doc. No. 59].

**IT IS SO ORDERED.**

Dated:  October 8, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

8