UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSQUITO TILEI,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DR. DAVID CLAYTON; DR. PAYMAN SHAKIBA; DR. SAHA; JASHUA N. DOROS,<br><br>　　　　　　　　Defendants. | Case No.: 3:19-cv-01708-TWR-KSC<br><br>**ORDER (1) VACATING DATES AND DEADLINES IN SCHEDULING ORDER, AND (2) GRANTING DEFENDANTS LEAVE TO FILE OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE; ORDER SETTING MANDATORY SETTLEMENT CONFERENCE**<br><br>**[Doc. No. 61]** |

Before the Court is Defendants' Ex Parte Application for Order (1) Vacating Remaining Dates and Deadlines in Scheduling Order, and (2) Granting Defendants Leave to File Opposition to Plaintiff's Motion to Strike (the "Application" or "App."). Doc. No. 61. For the reasons set forth below, and good cause appearing, defendants' Application is GRANTED.

## I. BACKGROUND

Plaintiff Punaofo Tsquito Tilei ("plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Title 42, United States Code, Section 1983. *See* Doc. No. 1. On September 7, 2019, plaintiff filed his complaint, alleging defendants violated his Eighth Amendment rights (specifically, by their deliberate indifference to

plaintiff's serious medical needs) and California Government Code § 845.6.  *Id*. at 15-18.  Plaintiff also asserts a claim for intentional infliction of severe emotional distress.  *Id*.  On January 7, 2020, the Court issued a Scheduling Order, setting the pretrial schedule in the matter.  Doc. No. 20.  The deadlines therein were extended three times at the request of the parties.  *See* Doc. Nos. 26, 34, 39.

On July 1, 2020, defendants filed a Motion for Summary Judgment (the "MSJ").  Doc. No. 47.  Among the exhibits filed in support of the MSJ was the declaration of defendant Sajib Saha, M.D.  Doc. No. 47-6.  On July 22, 2020, plaintiff filed a document titled "Motion to Strike the Declaration of Defendant Sajib Saha; and Request for Sanction Against the Defense Including a Settlement" (the "Motion to Strike").  Doc. No. 52.  As of the date of this Order, defendants have not responded to the Motion to Strike, nor has the Court ruled upon it.

On July 31, 2020, the Court issued an order setting a briefing schedule on defendants' MSJ, pursuant to which plaintiff was ordered to file either an opposition to the MSJ, or a notice that the MSJ was unopposed, on or before September 4, 2020.  Doc. No. 55 at 2.  Plaintiff was advised that "if you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you … [and] your case will be dismissed and there will be no trial."  *Id*.  As of the date of this Order, plaintiff has not filed an opposition, nor a notice of non-opposition.  The MSJ remains pending.

Given the pendency of defendants' MSJ and plaintiff's Motion to Strike, defendants request that certain pretrial deadlines be vacated to "save the Court and all parties time and expense in the event [d]efendants' summary judgment motion is granted."  App. at 2.  Defendants also request leave to oppose plaintiff's Motion to Strike, explaining that they "had planned to respond" to it as part of their reply in support of the MSJ, but since plaintiff never filed an opposition to the MSJ, there was no opportunity to file said reply.  *Id*. at 3.  The deadline for defendants to file a reply brief in support of the MSJ was September 25, 2020.  Doc. No. 55 at 2.

## II. DISCUSSION

***The Remaining Pretrial Deadlines Will Be Vacated.***  Pursuant to Federal Rule of Civil Procedure 16, the Court may amend the pretrial schedule for good cause.  Fed. R. Civ. P. 16(b)(4).  Here, the Court agrees with defendants that delaying the remaining pretrial deadlines until after the Court has ruled upon defendants' MSJ will conserve resources for the parties and the Court alike.  *See* App. at 2; Fed. R. Civ. P. 1 (directing courts and parties to work toward the "just, speedy and inexpensive determination of every action and proceeding").  Accordingly, the Court will vacate the following pretrial deadlines:

- **November 20, 2020**: Deadline to comply with pretrial disclosure requirements under Fed. R. Civ. P. 26(a)(3);
- **November 25, 2020**: Deadline to meet and take the action required under Local Rule 16.1(f)(4);
- **December 4, 2020**: Deadline for defense counsel to provide proposed pretrial order to plaintiff;
- **December 11, 2020**: Deadline to lodge the proposed pretrial order; and
- **December 18, 2020**: Final Pretrial Conference.

*See* Doc. No. 20 at 4.  Defendants' counsel is ordered to contact the undersigned's chambers within **three (3) business days** of entry of a ruling on defendants' MSJ, at which time the foregoing deadlines will be reset, if necessary.

***The Parties Will Attend a Mandatory Settlement Conference***.  Civil Local Rule 16.3 requires that the parties participate in a court-mediated settlement conference.  CivLR 16.3(a).  Therefore, notwithstanding the stay of the above pretrial deadlines, the parties and counsel shall attend a telephonic settlement conference before the undersigned Magistrate Judge on ***November 19, 2020*** at ***2:30 p.m.***  Counsel and party representatives **with full settlement authority** for each party must be **immediately available by telephone** between the hours of **2:30 p.m. and 5:00 p.m.** on the date of the

Mandatory Settlement Conference. All participants shall be prepared to devote their full attention to this proceeding as if they were attending in person. **<u>Defendants' counsel shall make the necessary arrangements for plaintiff to attend the Mandatory Settlement Conference by telephone.</u>**

On *November 19, 2020* at *2:30 p.m.* all participants in the Mandatory Settlement Conference should call the Court's teleconference line at 1-877-873-8017 and enter access code 2924630. The Court will initially confer jointly with counsel and the parties. Immediately following the joint discussion, the Court will initiate separate, confidential communications with plaintiff and defendants, respectively. The Court's conference line will be used for communicating with plaintiff in private discussions as well as in joint session. Defendants shall provide the Court with a separate, single telephone number to use for confidential communications with defendants and their counsel during the Mandatory Settlement Conference. The telephone number provided for a party must be one the Court can use to reach both counsel and the party representative(s), who must be already conferenced on one line and ready to engage in settlement discussions. *No later than November 12, 2020*, defendants' counsel shall e-mail the Court at efile_crawford@casd.uscourts.gov and (1) confirm that the arrangements for plaintiff's participation have been made and (2) provide a preferred phone number for the separate, confidential MSC discussions.

On or before *November 12, 2020,* the parties must submit confidential settlement statements of no more than 5 pages to the Court, setting forth their position regarding settlement. Parties may submit their confidential settlement statements directly to chambers at efile_crawford@casd.uscourts.gov or by mail, and should indicate clearly on the face of the document that it is a confidential settlement statement not to be filed on the docket.

***<u>Defendants May Respond to the Motion to Strike</u>.*** Plaintiff filed his Motion to Strike on July 29, 2020. Doc. No. 52. Pursuant to Civil Local Rule 7.1(e)(2), defendants' opposition was due 28 days later, on August 27, 2020. *See* CivLR 7.1(e)(2).

1  While the Court agrees with defendants that the Motion to Strike relates to the MSJ,
2  defendants did not possess the authority to unilaterally "plan[]" to address the Motion to
3  Strike with their summary judgment reply, in disregard of the Local Rules.  App. at 3.
4  The better course of action would have been for defendants to seek the Court's leave to
5  do so, before the deadline to file their opposition had passed.
6  	Nevertheless, the Court may grant an extension of time for good cause, and
7  defendants' failure to file a timely opposition does not appear to have been the result of
8  bad faith.  *See Skinner v. Tuscan Inc.*, Case No. CV-18-00319-TUC-RCC, 2020 WL
9  594898, at *1 (D. Ariz. Oct. 7, 2020) (granting motion for extension where party's delay
10 was not evidence of bad faith).  Furthermore, the Court prefers to adjudicate the Motion
11 to Strike on a complete record, which facilitates decision on the merits.  *See Gibson v.*
12 *Household Int'l, Inc.*, 151 Fed. App'x 529, 531 (9th Cir. 2005) (noting that "[c]ases
13 should be decided on their merits whenever possible").  Therefore, defendants will be
14 permitted to file an opposition to the Motion to Strike.
15 	***Plaintiff Shall File an Opposition to Defendants' MSJ, or a Notice of Non-***
16 ***Opposition.***  As noted, plaintiff has neither filed an opposition to defendants' MSJ nor a
17 notice indicating he does not oppose it as of the date of this Order.  The Court is aware
18 from plaintiff's recent filings and activity in other cases that inmates' access to the law
19 library has been limited.  Given this, and taking into account plaintiff's *pro se* status and
20 the Court's preference for resolution of plaintiff's claims on the merits, plaintiff will be
21 afforded another opportunity to file his opposition, or to advise the Court (and
22 defendants) that he does not oppose the MSJ.  Plaintiff is reminded that if he should fail
23 to submit his own evidence in opposition to the MSJ, the Court may grant defendants'
24 motion and plaintiff's case will be dismissed without a trial.
25 //
26 //
27 //
28 //

# ORDER

For the foregoing reasons, and good cause appearing, the Court hereby **ORDERS** that:

1. The remaining deadlines set forth in the Court's January 7, 2020 Scheduling Order (Doc. No. 20) are **VACATED**. Defendants' counsel is to contact the Court within three (3) business days of entry of a ruling on defendants' Motion for Summary Judgment (Doc. No. 47), at which time the Court will set a further pretrial schedule if necessary.
2. The parties and counsel shall attend a telephonic Mandatory Settlement Conference on **November 19, 2020 at 2:30 p.m**. The parties shall submit confidential settlement statements on or before **November 12, 2020**, consistent with the terms of this Order.
3. Defendants shall have until **October 23, 2020** to file an opposition to plaintiff's Motion to Strike (Doc. No. 52).
4. No later than **October 30, 2020**, plaintiff shall file an opposition to defendants' Motion for Summary Judgment (including any supporting documents) or, if plaintiff does not wish to oppose defendants' Motion for Summary Judgment, a "Notice of Non-Opposition."

**IT IS SO ORDERED.**

Dated: October 14, 2020

Hon. Karen S. Crawford
United States Magistrate Judge